**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **RHONDA E. CHINAPOO,** | * | **Case No. 25-16396 NVA** **(Chapter 13)** |
| **Debtor.** | * | |

* * * * * * *

| | | |
|---|---|---|
| **C&A PROPERTIES LLC** 5101 River Road, Unit 709 Hunt Valley, MD 21030 | * * | |
| **Movant,** | * | |
| **vs.** | * | |
| **RHONDA E. CHINAPOO** 37 Heather Hill Road Baltimore, MD 21228**,** | * * | |
| **Respondent.** | * | |

* * * * * * * * * * * * *

**MOTION FOR RELIEF FROM STAY TO OBTAIN POSSESSION OF PROPERTY AND COMPLETE CONSTABLE SALE PROCEEDING**
**(37 Heather Hill Road, Baltimore, Maryland 21228)**

C&A Properties LLC ("Movant"), by its undersigned counsel, pursuant to 11 U.S.C. § 362(d), files this motion seeking relief from the automatic stay of 11 U.S.C. § 362(a) so that it may complete the judgment levy enforcement proceedings and obtain possession of the debtor's property sold at a Constable's sale on June 5, 2025, and ratified on July 9, 2025 (the "Motion"). In support of the Motion, Movant states as follows:

1. Rhonda E. Chinapoo, the debtor in the above-captioned case (the "Debtor"), commenced this proceeding (the "Bankruptcy Case") by filing a voluntary petition under Chapter 13

of the Bankruptcy Code on July 14, 2025 (the "Petition Date").

2. Prior to the Petition Date, on October 20, 2022, the Broadfield Homeowners Association, Inc. ("Broadfield HOA") obtained a judgment against the Debtor in the amount of $1,953.05, with interest at the legal rate, in a case pending in the District Court of Maryland for Baltimore County, Case No. D-08-CV-22-017293 (the "Judgment"). A true and accurate copy of the case docket reflecting the Judgment is attached as ***Exhibit 1***, and incorporated herein by reference.

3. Broadfield HOA recorded the Judgment in the Circuit Court for Baltimore County, in Case No. C-03-JG-24-002593. (See Exhibit 1, Docket entries on March 21, 2024 and March 22, 2024) As a judgment recorded in the circuit court, the Judgment was a lien against any real property owned by the Debtor in Baltimore County, including the real property located at 37 Heather Hill Road, Baltimore, MD 21228 (the "Property"). ACM, Cts. & J. Proc. Art §11-402.

4. Broadfield HOA requested the Constable for Baltimore County (the "Constable") to levy the Property on April 24, 2024, and the Constable levied the Property on June 24, 2024. See Exhibit 1.

5. The Constable scheduled a sale on the Property for June 5, 2025 at 10:00 am., and sent notice to the debtor, and published notice of the sale in the Baltimore Sun on May 16, 23 and 30, 2025. See ***Exhibit 2***, a copy of the notice sent by the Constable to the Debtor, and ***Exhibit 3***, Notice of the Constable's Sale published in the Baltimore Sun, both of which are attached hereto and incorporated herein.[1]

6. On June 5, 2025, the Property was purchased by Movant at the public Constable's Sale for $69,000.00 and subject to prior liens and mortgages on the Property (the "Sale"). The

[1] Moreover, Chief Constable James Brady has stated that he attempted to contact the Debtor prior to the sale, but that she never responded to his contacts.

Movant and the Constable entered into a Contract of Sale on June 5, 2025 for the sale of the Property (the "Contract of Sale"). See ***Exhibit 4***, a true and accurate copy of the Contract of Sale, attached hereto and incorporated herein.

7. The Movant paid over the purchase price pursuant to the Contract of Sale on June 7, 2025.

8. Thereafter, the Constable reported the sale to the District Court. A copy of the Report of Sale (the "Report of Sale") is attached hereto and incorporated herein as ***Exhibit 5***.

9. Notice of the sale was also published post-sale in the Baltimore Sun. A copy of the Notice of sale is attached hereto and incorporated herein as ***Exhibit 6***.

10. The sale was ratified by the Court on July 9, 2025. See ***Exhibit 7***, the Ratification of Sale, attached hereto and incorporated herein.

11. The Constable executed a deed for the Property dated July 7, 2025, and delivered after the Ratification of Sale. A copy of the Deed is attached hereto and incorporated herein as ***Exhibit 8***. The Deed has not yet been recorded, due to the automatic stay of the Bankruptcy Case.

12. Moreover, documents filed with the District Court have not yet appeared on the docket (Exhibit 1). Movant intends to 'clean-up' the docket, in order to satisfy Respondent's title insurer prior to issuance of a title policy.

**Legal Standard**

13. The Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic stay], such as by terminating, annulling, modifying or conditioning such stay-- (1) for cause, including lack of adequate protection of an interest in property of such party in interest; [or] (2) with respect to a stay of an act against property

under [the automatic stay], if – (a) the debtor does not have equity in such property; and (b) such property is not necessary to an effective reorganization; . . .” 11 U.S.C. §§ 362(d)(1) and (2).

14. Md. Code (1973, 2013 Repl. Vol.) § 11–501 of the Courts and Judicial Proceedings Article (“CJP”) provides that “A sheriff or constable to whom any writ of execution is directed may seize and sell the legal or equitable interest of the defendant named in the writ in real or personal property.” Similarly, Maryland Rule 2–644(a) provides, relevant to this case, that the sheriff may sell the debtor's interest in the property under levy and that “[t]he debtor's interest includes all legal and equitable interests of the debtor in the property at the time the judgment became a lien on the property.” *See* Md. Rule 2–644(d). In short, Debtor has no right – legal or equitable – in the Property.

15. Similar to ratification of a foreclosure sale, a sale by the Constable after execution on property for a judgment, divests the judgment debtor of any right title or interest, including the right to possession. “After ratification of a foreclosure sale, therefore, the right to possess the sold property lies with the purchaser, not the former mortgagor.” *Laney v. State*, 379 Md. at 540-41 (citing *Merryman v. Bremmer,* 250 Md. 1, 8, 241 A.2d 558, 563 (1968); *Lannay's Lessee v. Wilson,* 30 Md. 536, 550 (1869)).

**Argument**

16. As shown above, the sale occurred, Movant paid the purchase price, the District Court entered an Order ratifying the Sale and the Deed was executed prior to the bankruptcy filing, therefore, the Debtor no longer has an interest in the Property, or a right to possession.

17. The Debtor may have received or will be entitled to surplus proceeds, after payment of the costs of sale, and the Judgment.

18. The Debtor does not have an equity in the Property and the Property is not necessary to an effective reorganization.

19. In light of the foregoing, sufficient cause exists warranting relief from the automatic stay so that Movant may obtain physical possession of the Property and complete the Constable Sale Proceeding.

20. Movant requests that the automatic stay be terminated *nunc pro tunc* to the Petition Date in order to satisfy the request of the Movant's title insurer.

21. As required by Local Bankruptcy Rule 9013-2, Movant hereby states that no memorandum will be filed and that it will rely solely upon this Motion.

**WHEREFORE**, C&A Properties LLC respectfully requests this Court to enter an Order:

(A) Lifting the automatic stay imposed by 11 U.S.C. §362(a), *nunc pro tunc* to July 14, 2025, to allow the District Court to complete the Sale process, including recordation of the Constable's Deed, and obtain physical possession of the Property; and

(B) Granting such other and further relief as equity and justice may require.

/s/ Scott R. Robinson
Scott Robinson, Bar No. 10184
HOFMEISTER, ROBINSON & DiPIETRO
11350 McCormick Road,
Executive Plaza 2, Suite 601
Hunt Valley, MD 21031
(410) 832-8822

*Counsel for C & A Properties LLC*

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on this 31st day of July, 2025, a copy of the foregoing was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Rhonda E. Chinapoo
37 Heather Hill Road
Catonsville, MD 21228
*(Debtor)*
*Via First Class U.S. Mail*

Robert M. Stahl, IV, Esq.
Robert M Stahl, LLC
1142 York Road
Lutherville, MD 21093
*(Attorney for Debtor)*
*VIA CM/ECF*

Rebecca Herr
185 Admiral Cochrane Drive
Suite 240
Annapolis, MD 21401
*(Chapter 13 Trustee)*
*VIA CM/ECF*

/s/ Scott R. Robinson
Scott Robinson